UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

IN RE:                                                  Chapter 11

DEATH'S DOOR SPIRITS, LLC,                              Case No.: 18-13912
DEATH'S DOOR DISTILLERY, LLC;                           Case No.: 18-13915

    Debtors.

---

ORDER APPROVING AND SETTING SALE PROCEDURES
AND SCHEDULING SALE APPROVAL HEARING

---

Upon consideration of the Motion for Two Orders (1) Approving Sale Procedures, Form of the APA, Break-Up Fee and Scheduling Sale Approval; and (2) Authorizing Debtors to Sell Assets Free and Clear of Liens, Claims, Interests and Encumbrances (the "Motion")[1] filed by Death's Door Distillery, LLC and Death's Door Spirits, LLC (the "Debtors"); and, upon consideration of the pleadings and other papers filed in this matter; and, the Court having jurisdiction over this matter, pursuant to 28 U.S.C. §§ 157 and 1334, to consider the Motion and the relief requested

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

therein; and, venue being proper in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409; and, it appearing that proper and adequate notice of the Motion has been given under the circumstances and that, except as otherwise ordered herein, no other or further notice is necessary; and, the Court having determined that the relief sought in the Motion is in the best interests of Debtors, their creditors, and all parties in interest;

**IT IS HEREBY ORDERED THAT:**

1. The Sale Procedures attached as Exhibit A are hereby approved in their entirety.

2. The form of the Assets Purchase Agreement attached to the Motion as Exhibit A is approved.

3. The following are approved: (i) a break-up fee of $50,000 payable to CDF if it is not the ultimate purchaser of the Property; and (ii) an expense reimbursement of for expenses incurred by CDF in connection with due diligence and with respect to the preparation of negotiating and executing this Agreement in an amount equal to (i) $40,000 if the Auction occurs on or prior to December 24, 2018 and (ii) $60,000 if the Auction occurs after December 24, 2018.

4. This Court shall hold a hearing on approval of the sale on December ___, 2018, at ___ a.m./p.m. Central Standard Time, before the U.S. Bankruptcy Court for Western District of Wisconsin, 120 North Henry Street, Room 340, Madison, WI. To participate in the hearing, you must

call the Court Conference Line for Chief Judge Catherine J. Furay at (877) 336-1828, and enter access code of 8588228## (the "Sale Approval Hearing"). The Auction shall be held on December ___, 2018, at ____ a.m./p.m. at the offices of DeMarb Brophy LLC, 1 N. Pinckney St., Su 300, Madison, WI 53703.

5. Within two (2) business days of the entry of this Order, Debtors shall (1) serve a copy of this Order, with the attached Sale Procedures, on all known creditors and parties in interest; and (2) e-mail copies of this Order, with the attached Sale Procedures, to all parties with whom Debtors have discussed a possible sale in the last 12-months.

6. Any business broker or investment banker who represents a Prevailing Bidder (a) that becomes the ultimate buyer of the Property; and (b) is not the Stalking Horse or a party related to the Stalking Horse, is authorized to be paid the sum of $50,000 from the net sale proceeds at Closing.

7. Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

###

## SALE PROCEDURES

### I. Offer Process

A. <u>Due Diligence</u>. Other parties may be interested in making competing offers. Seller will provide to any interested party access to an online data room containing the due diligence materials within two (2) business days of any interested party requesting the same.

B. <u>Offer Package</u>. Parties interested in making an offer to purchase the Assets (each a "Potential Purchaser"), no later than 24-hours before the time the Court sets for the Sale Approval Hearing (the "Submittal Deadline"), must submit to the Seller a package (the "Offer Package") that includes all of the following items (the Proposed Purchaser shall be deemed a "Potential Purchaser" and the Agreement shall be deemed a "Qualified Offer"):

1. A signed offer to purchase the Acquired Assets ("Offer"), meeting the requirements set forth below.

2. A written acknowledgement that it agrees to all the terms set forth in these Sale Procedures and agrees that the Offer constitutes an irrevocable offer and is binding on the Potential Purchaser until the Sale Approval Hearing;

3. Written evidence it has obtained authorization and approval from its Board of Directors (or comparable governing body), if necessary, with respect to the submission of its Offer and acceptance of the terms of sale set forth in these Sale Procedures, or representations that no such authorization or approval is required;

4. Financial statements and/or written evidence of a financing commitment or other evidence, satisfactory to Debtors and any creditors' committee of the financial ability to close pursuant to its Offer by the date set forth in the Offer (provided, however, that the closing of the sale shall not be contingent in any way on the Potential Purchaser procuring financing);

5. Earnest Money of $50,000, in the form of a wire transfer to DeMarb Brophy LLC escrow account, which will be returnable to the Potential Purchaser, as set forth below.

6. The identity of the individual authorized to bid at Auction and <u>contact information for such individual.</u>

1

**EXHIBIT A**

C. <u>Competing Offers:</u>

1. Shall not contain a break-up fee or any other expense reimbursement;

2. Shall contain a minimum purchase price of $900,000 plus the Inventory Amount for the Acquired Assets (the "Initial Overbid");

3. Shall contain a disclosure of the identity of each entity or person submitting the Offer or otherwise participating in the Offer, and the complete terms of any such participation;

4. Shall be created by using the APA, and redlining the APA to create the Offer; and

5. Shall not provide for a commission to be paid from the purchase price.

D. <u>Qualified Offers.</u>

1. Debtors, together with a creditors' committee, if any, will analyze each Offer based on the criteria detailed above to determine which Offers will be treated as "Qualified Offers" based on the capability of the Potential Purchaser to ultimately close on the purchase of the real estate and the amount of the Offer. Debtors may, at any time, contact Potential Purchasers to discuss or clarify terms, to indicate any terms which may need to be modified to conform an Offer to a Qualified Offer, or to negotiate terms.

2. The APA is a Qualified Offer. If no additional Qualified Offers are made, Debtors intend to close on the sale to CDF pursuant to the terms of the APA.

3. If one or more than one Qualified Offers are submitted in addition to the Agreement, as quickly as possible in light of the required timelines, Debtors will submit to each Potential Purchaser with Qualified Offers the amount of the Offer the Debtors has deemed to be the highest Qualified Offer (the "Highest Qualified Offer"), as determined by the Debtors in her best business judgment and after consultation with any creditors' committee.

4. Debtors, in the exercise of their reasonable business judgment, reserve the right to reject any Offer if such Offer:

    i. Is not received by the Submittal Deadline;

2

        ii.    Is subject to any due diligence, financing contingency or other contingency (including representations, warranties, covenants and timing requirements) or an estimated time to close which is materially different from those in the Agreement and which the Debtors do not believe may be adjusted pursuant to the Auction section of these Sale Procedures, below; or

        iii.   Provides less economic benefit to the Debtors' estates.

5. Any Offer rejected pursuant to this Paragraph shall not be deemed to be a Qualified Offer.

## II. AUCTION

A. The Auction will be held after the Submittal Deadline and before the Sale Approval Hearing at a date and time set by Debtors. The Auction may be postponed by announcement by Debtors, but not for more than three (3) business days. The Auction may be conducted by telephone, at the discretion of Debtors.

   1. Debtors may establish and announce rules on the conduct of the Auction and may modify those rules in its discretion; provided that such rules are in all material respects consistent with these Sale Procedures and are designed to promote the most competitive bidding process.

   2. All Potential Purchasers with Qualified Offers shall be eligible to participate in the Auction.

   3. Bidding shall begin with Debtors' *announcement of the Potential Purchasers and of the Highest Qualified Offer.* Debtors shall request additional bids with an initial minimum overbid of at least $50,000 over the Highest Qualified Offer (the "Initial Over Bid"). At the same time, the Debtors will announce the adjusted amount of all other Qualified Offers.

   4. After the Initial Over Bid, all additional bids must be in increments of not less than $25,000.

   5. Debtors will establish reasonable time periods between bids to allow Potential Purchasers an opportunity to bid. Bidding will be deemed to be closed when Debtors requests additional bids three times without a

3

      response and announces the bidding closed. The final bid shall be the "**Prevailing Bid**" and the Qualified Bidder making such bid will be the "**Prevailing Bidder.**"

B.    No additional Bids will be considered after the end of the Auction.

C.    EACH BID SHALL CONSTITUTE AN IRREVOCABLE OFFER AND BE BINDING ON THE PREVAILING BIDDER UNTIL COURT APPROVAL OF THE SALE PURSUANT TO THE PREVAILING BID.