# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: | Chapter 11 |
| DEATH'S DOOR SPIRITS, LLC, | Case No.: 18-13912 |
| DEATH'S DOOR DISTILLERY, LLC; | Case No.: 18-13915 |
| Debtors. | Jointly Administered |

**MOTION FOR AN ORDER: (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND INTEREST; (II) APPROVING THE PROCEDURE FOR NOTICING THE ESTABLISHED BAR DATES; AND, (III) EXCUSING NOTICE TO CERTAIN CLAIMANTS WHOSE CLAIMS HAVE BEEN PAID OR OTHERWISE SATISFIED**

Death's Door Spirits, LLC and Death's Door Distillery, LLC (together, the "Debtors"), by their counsel DeMarb Brophy LLC ("DB LLC"), hereby submit this Motion (the "Motion") for an order:

(A) establishing the date by which proofs of claim must be filed in these Cases by:

(1) Any general claimant in these Cases whose claim is not deemed allowed by the Schedules filed by the Debtors herein (the "General Bar Date");

(2) Any party holding an interest in the Debtors (the "Interests Bar Date");

   (3) Any governmental unit (the "Governmental Unit Bar Date");

   (4) Any party to an executory contract or lease agreement that is rejected during the course of the Debtors' bankruptcy cases (the "Rejection Claim Bar Date"); and

   (5) Any party making an administrative claim pursuant to 11 U.S.C. § 503(b)(9) (the "503(b)(9) Bar Date" and together with the General Claim Bar Date, the Interests Bar Date, the Governmental Unit Claim Bar Date, and the Rejection Claim Bar Date, collectively, the "Bar Dates");

 (B) approving the procedure for noticing the Bar Dates; and

 (C) removing parties who were on the initial matrix but have been paid by the Debtor pursuant to orders entered in these Cases from the matrix and excusing the Debtors from providing service of the Bar Dates to such parties. In support of this Motion, Debtors state as follows:

### *Jurisdiction*

1. On November 21, 2018 (the "Petition Date"), the Debtors filed their Petitions for protection pursuant to Chapter 11 of the Bankruptcy Code. The order for relief was entered on the Petition Date. The Debtors continue as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### *Bar Dates to File Proofs of Claim or Interest*

3. Establishing a bar date or a series of bar dates for the filing of proofs of claim and proofs of interest is necessary to ensure that the Debtors adequately provide for all creditors in their plan, structured dismissal or conversion, as may be determined, to accurately describe the financial condition of the Debtors in their joint disclosure statement, and to move swiftly to confirmation of the joint plan.

4. It is for this reason that the Debtors request that the Bar Dates be established now by the Court, so the Debtors may work timely and efficiently within the exclusivity period and other deadlines to draft a joint disclosure statement and propose a joint plan of reorganization, or to move for a structured dismissal or to convert to a Chapter 7 case, as may be determined. The Court has the authority, pursuant to Fed. R. Bankr. P. 3003(c)(3), to establish bar dates for creditors and interest holders who must file proofs of claim or interest, as provided in R. 3003(c)(2).

5. The proposed Bar Dates will provide the Debtors necessary information to disclose all possible claims and interests, to provide for dealing with all potential obligations to creditors in their joint plan, and to move forward with the Cases. The Bar Dates proposed will provide sufficient time to allow all creditors and interest

holders to file any proofs of claim or interest they may have after receiving the Bar Date Notice. The Bar Date Notice the Debtors propose to send is attached hereto, as **Exhibit A**.

6. Debtors have filed their Schedules and the Meeting of Creditors have been held and concluded. Creditors have had sufficient time to review the Schedules and to determine their respective requirements to file a proof of claim or proof of interest in these Cases.

7. The Debtors request the Court to establish the following Bar Dates to assist in the timely administration of the Debtors' estates:

| | |
|---|---|
| General Bar Date: | March 5, 2019 |
| Governmental Unit Bar Date: | April 30, 2019 |
| Rejection Claim Bar Date: | The later of the General Bar Date, or thirty (30) days after the effective date of the rejection of the specific executory contract or specific unexpired lease. |
| § 503(b)(9) Bar Date: | March 5, 2019 |

8. The Debtors propose to serve the Bar Date Notice to all affected parties on or before January 29, 2019. Service of the Bar Date Notice on or before January 29, 2019 would satisfy the twenty-one (21) day notice requirement of Fed. R. Bankr. P. 2002(a)(7).

*Parties, Claims and Interests Affected by the Bar Dates*

9. Debtors request that the proposed General Bar Date apply to all proofs of interest and all proofs of claim to be filed by non-governmental claimants, including

claims filed pursuant to § 503(b)(9) and claims of security holders or other interests of the Debtors, unless one of the Bar Dates discussed below would specifically apply to a specific claim.

10. Debtors request that the proposed Governmental Bar Date apply to all proofs of claim as allowed by Fed. R. Bankr. P. 3002(c)(1).

11. Debtors request that the proposed Rejection Bar Date apply to the claim of any party to an executory contract or unexpired lease affected by the rejection of the same during the course of the Debtors' bankruptcy cases.

12. The proposed Bar Dates will not apply to any of the following excluded pre-petition claims (the "Excluded Pre-petition Claims"):

    a. any proof of claim or interest filed by an entity that was already properly filed with the Court prior to the entry of the order requested by this Motion, for which no other or additional amounts, interests or claims are sought;

    b. any claim of an entity: (i) whose pre-petition claim is not listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules or Amended Schedules; and, (ii) that such Scheduled claim accurately states the nature, classification, and amount of such pre-petition claim; and

  c. the claim of any entity whose pre-petition claim has been allowed previously by, or paid pursuant to, an order of the Court, including but not limited to employees and utilities.

*Failure to File a Proof of Claim or Interest Prior to the Bar Dates*

  13. Debtors request that the order entered pursuant to this Motion provide that any entity required to file a proof of claim or interest in this case, except with respect to Excluded Pre-petition Claims, but which fails to do so by the applicable Bar Dates (i) be forever barred, estopped, and enjoined from asserting such pre-petition claim and from filing a proof of claim with respect to such prepetition claim against the Debtors, (ii) be prohibited from voting on any proposed joint plan of reorganization or to participate in any distribution in the Debtors' cases on account of such pre-petition claim; and, (iii) receive no further notice in this case regarding such pre-petition claim.

  14. Debtors request that the order entered pursuant to this Motion provide that the Debtors and their respective property are forever discharged from any and all indebtedness or liability with respect to such pre-petition claim that would have been the subject of such proof of claim.

*Request to Excuse Notice of Bar Date to Certain Satisfied Claimants*

  15. As of the date of this Motion, the Debtors have satisfied and paid pre-petition claims owed to its utility providers and employees. Debtors satisfied these claims pursuant to the First Day Orders entered in this Case. Because these parties were included on the initial matrices of creditors of the Debtors' estates on the Petition

Date, the Debtors included these parties on their creditor matrices and, for most of the parties on the initial matrices, in their Schedules.

16. Since the Petition Date, Debtors have paid payroll and utilities in the ordinary course of business. The previously noticed parties that the Debtors propose to eliminate from the creditor matrix are listed on **Exhibit B**, attached hereto.

17. Unless any party that is listed on Exhibit B requests in writing to remain on the Debtors' creditor matrices, that party will be removed and will no longer receive notice in these proceedings. Specifically, unless any party listed on Exhibit B requests in writing to remain on the Debtors' creditor matrices, the parties listed on Exhibit B will not receive any further notice in these Cases, including the Bar Date Notice and the right to vote on the Debtors' joint plan of reorganization. Any party listed on Exhibit B must give notice to Debtors' counsel in writing, by email or regular mail, that such party wishes to remain on the mailing matrices in these Cases by January 28, 2019. Debtors propose to remove from their mailing matrices all parties listed on Exhibit B who do not give notice to Debtors' counsel by January 28, 2019.

18. The proposed Notice of Bar Date is attached to this Motion as Exhibit A. Absent objection and once approved by the Court, the Debtors will utilize this Notice. By January 29, 2019, and provided the Court has entered an order approving this Motion, Debtors will cause copies of the same to be sent via first class mail to all known creditors and other parties in interest on the then-modified and amended mailing matrices.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order: (A) setting the Bar Dates for filing proofs of claim or interest, pursuant to Rule 3003(c)(2); (B) approving the procedure for noticing the Bar Dates; (C) excusing notice to certain satisfied claimants, as listed on Exhibit B, and authorizing Debtors to amend their mailing matrices for their Cases; and (D) for such other relief as is just and equitable.

Dated this 26th day of December, 2018.

                                           **DeMARB BROPHY LLC**
                                           Proposed Attorneys for Debtor

                                           By: */s/ Rebecca R. DeMarb*
                                                Rebecca R. DeMarb
                                                State Bar No.: 1026221
                                                One North Pinckney Street
                                                Suite 300
                                                Madison, WI 53703
                                                (608) 310-5500
                                                rdemarb@demarb-brophy.com